## CIRCUIT COURT OF SHENANDOAH COUNTY

Showman

v.

Mumaw

May 2, 1983

Case No. (Law) 1011

By JUDGE HENRY H. WHITING

The Court has carefully considered the memoranda filed by both counsel. None of the cases cited touch this question. *National Airlines* v. *Shea*, 223 Va. 578 (1982), was a case in which both the ten-day period for appeal and the thirty-day period for filing a motion for a new trial expired. The case is grounded on a fraudulent misleading of the court which transcended the appellate necessities of both periods and required that the judgment on the merits be set aside, the case remanded to the Circuit Court for directions to remand it to the General District Court for trial on the merits. It does not reach the question of whether the entire case should have been tried on the merits if the fraud had touched only the second aspect dealing with the motion for a new trial. In that case there was no motion for a new trial and the fraud applied to the original judgment.

Doubtless many cases can be found in which it is said that the trial on appeal to the Circuit Court is one *de novo*. However, none of the cases cited by the appellant deal with this question. As a matter of fact, some of the cases cited, particularly the *Whitehurst* case, deal with setoff and the power of a trial justice or general district judge to entertain a setoff and doesn't touch the scope of the appellate review.

The Court is convinced that if the ten-day period in which to note an appeal is to have any meaning it

must require that the appeal from a motion for a new trial must deal solely with that issue, and if the court should decide that the General District Court should have granted the motion to set aside the verdict based on after-discovered evidence or some other similar ground traditionally assigned to such motions then the case would be remanded for a new trial in the General District Court. However, the Court does not have to decide that in this case. All it need decide is whether the appellant can open up the entire case by filing a motion for a new trial even though the motions were groundless. The Court does not believe it can do this but must require the appellant to establish error on the part of the General District Court in failing to grant the new trial. If that is done in this case, then the Court will decide the question of whether to remand the case for a new trial in the General District Court or try it in this Court.

This Court has already heard argument on a similar question, and its opinion in the case of *Lake Holiday Country Club, Inc. v. Morton* is enclosed as a part of this opinion.

Counsel for the defendant shall draw the appropriate Order noting the appellant's objections.